IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

HALEY WILLIAMS                                                                              PLAINTIFF

v.                                                              CIVIL ACTION NO. 1:20-CV-153-SA-DAS

USAA INSURANCE AGENCY, INC.
d/b/a USAA CAUSALTY INSURANCE AGENCY                            DEFENDANT

*Consolidated with*

KIMBERLY L. NEAL and
BECKEY L. NEAL                                                                              PLAINTIFFS

v.                                                              CIVIL ACTION NO. 1:20-CV-154-SA-DAS

USAA INSURANCE AGENCY, INC.
d/b/a USAA CAUSALTY INSURANCE AGENCY                            DEFENDANT

ORDER AND MEMORANDUM OPINION

This civil action was initially commenced as two separate lawsuits in the County Court of Lee County, Mississippi. On July 21, 2020, USAA removed both cases to this Court, premising federal jurisdiction on the basis of diversity. The cases were later consolidated. On September 24, 2021, USAA filed a Motion for Partial Summary Judgment [49]. The Motion [49] relates only to the bad faith claim asserted by Haley Williams. Although the deadline to respond to the Motion [49] has long passed, Williams did not file a Response. Having reviewed the Motion [49] and the applicable authorities, the Court is prepared to rule.

*Relevant Factual and Procedural Background*[1]

This consolidated action stems from a house fire which occurred at approximately 1:00 a.m. on October 1, 2019 at the Plaintiffs' home located in Tupelo, Mississippi. The home was

---

[1] Because Williams has not responded in opposition to the Motion [49], the Court does not have the benefit of her version of events to the extent that they differ, if at all, from USAA's version.

partially damaged by the fire. Kimberly Neal and Beckey Neal jointly owned the residence. Haley Williams, who is Kimberly's daughter and Beckey's granddaughter, lived in the residence with them. Two children, Williams' son and Kimberly's son, also lived in the home. All five of these individuals were at home when the fire occurred.

The Neals insured the residence and their belongings through a homeowners policy. Williams insured her contents through a separate rental policy. USAA issued both policies, and there is apparently no dispute that both policies were in effect at the time of the fire.

The Plaintiffs immediately notified USAA of the loss. When first reporting the claim to USAA, the Plaintiffs claimed that the fire started in the living room and was caused by a laptop computer catching on fire. USAA retained Patrick Kettenring, a senior fire investigator with EFI Global, Inc., to investigate the loss and determine the origin and cause of the fire. Kettenring prepared a Report which concluded as follows:

**SUMMARY OF CONCLUSIONS**

- Physical evidence established separate points of origin on the loveseat in the main living room, on top of the kitchen counter, and below the kitchen sink in the base cabinet.

- There were no competent ignition sources that could explain the ignition in multiple areas other than an intentionally applied open-flame.

- The fire was human-caused by the ignition of fires in multiple points within the structure.

- The classification of the fire is incendiary.

[54], Ex. 2 at p. 2.

According to USAA, "[a]t the time of the fires, the family was experiencing financial difficulties. This was so even though the Neals owned the house with no mortgage. But the Neals were looking to downsize their house. The subject house had been listed for sale twice and was

actively listed at the time of the fires with no formal offers during either time period." [50] at p. 4. Ultimately, USAA denied the Plaintiffs' claims based on the intentional loss exclusion and concealment provision contained in Williams' rental policy.

Litigation then ensued. On June 19, 2020, Williams filed her Complaint against USAA in the County Court of Lee County. *See* N.D. Miss. Cause No. 1:20-CV-153, [2]. In addition to a breach of contract claim, Williams contends that USAA acted in bad faith and requests punitive damages. *See id.* at p. 3. The Neals filed a separate Complaint against USAA in the County Court of Lee County that same day. *See* N.D. Miss. Cause No. 1:20-CV-154, [2]. The Neals' Complaint was nearly identical to Williams' Complaint; however, the Neals did not include a bad faith claim.

On July 21, 2020, USAA removed both cases to this Court. On March 18, 2021, the Court entered an Order of Consolidation [26], consolidating the cases for all purposes. The present Motion [49] concerns only Williams' bad faith claim. USAA requests that the claim be dismissed because Williams has provided no evidence to support the theory and because it had an arguable basis to deny the claim. As noted above, Williams did not respond to the Motion [49].

*Summary Judgment Standard*

Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Nabors v. Malone*, 2019 WL 2617240, at *1 (N.D. Miss. June 26, 2019) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

"The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.'" *Id.* (quoting *Celotex*, 477 U.S. at 323). "The nonmoving party must then 'go beyond the pleadings' and 'designate specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Celotex*, 477 U.S. at 324). Importantly, "the inferences to be drawn from the underlying facts contained in the affidavits, depositions, and exhibits of record must be viewed in the light most favorable to the party opposing the motion." *Waste Management of Louisiana, LLC v. River Birch, Inc.*, 920 F.3d 958, 964 (5th Cir. 2019) (quoting *Reingold v. Swiftships, Inc.*, 126 F.3d 645, 646 (5th Cir. 1997)). However, "[c]onclusory allegations, speculation, unsubstantiated assertions, and legalist arguments are not an adequate substitute for specific facts showing a genuine issue for trial." *Nabors*, 2019 WL 2617240 at *1 (citing *TIG Ins. Co. v. Sedgewick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)) (additional citations omitted).

*Analysis and Discussion*

Williams claims that USAA acted in bad faith, specifically alleging that "USAA's actions in denying [her] claim were willful, wanton, [and taken] with total disregard for her contract of insurance with them." [2] at p. 3. USAA denied the claim based on the rental policy's intentional loss exclusion and the concealment provision.

In pertinent part, the intentional loss exclusion provides:

> We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss:
>
> . . .
>
> 4. Intentional loss, meaning any loss arising out of any act committed:

4

> (a) by or at the direction of an insured; and
> (b) with the intent to cause a loss.

[49], Ex. 1 at p. 41.

The concealment provision states:

> With respect to all insureds, the entire policy is void if, whether before or after a loss, any insured:
>
> a. intentionally conceals or misrepresents any material fact or circumstance; or
> b. makes false statements or engages in fraudulent conduct,
> relating to this insurance.

[49], Ex. 1 at p. 21.

"Insurers have a duty to perform a prompt and adequate investigation and make a reasonable, good faith decision based on that investigation, and failure to perform this duty may render the insurer liable for extracontractual damages." *Hoover v. United Servs. Auto Ass'n*, 125 So.3d 636, 642 (Miss. 2013) (quoting *Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 627 (5th Cir. 2008)) (additional citation and internal quotation marks omitted). However, extracontractual damages are not warranted so long as the insurer can demonstrate "an arguable, good-faith basis for denial of a claim." *Id*. (quoting *United Serv. Auto. Ass'n v. Lisanby*, 47 So.3d 1172, 1178 (Miss. 2010)).

A plaintiff bears a "heavy burden" when seeking punitive damages based on bad faith denial of an insurance claim. *Mitchell v. State Farm Fire & Cas. Co.*, 957 F.3d 700, 707 (5th Cir. 2020) (quoting Jenkins v. Ohio Cas. Ins. Co., 794 So.2d 228, 232 (Miss. 2001)) (additional citation omitted). "To win a claim for punitive damages, the plaintiff must establish that: 1. The insurer lacked an arguable basis for denying the claim, and 2. The insurer committed a willful or malicious

5

wrong, or acted with gross and reckless disregard for the insured's rights." *Id*. (quoting *State Farm Mut. Auto. Ins. Co. v. Grimes*, 722 So.3d 637, 641 (Miss. 1998)).

USAA attached various evidence to its Motion [49]. In addition to the report of Patrick Kettenring referenced above, USAA also attached an Affidavit of Kirk B. McDaniel, who has been designated as an expert in the case. McDaniel's Affidavit explains the extensive steps he undertook to investigate the Plaintiff's claim and ultimately concludes:

> 7. Based on my independent investigation and a thorough review of previously collected data in compliance with NFPA 921, and through the appropriate use of scientific methods, I reached the following conclusions:
>
>    a. The fire(s) should be classified incendiary in origin as a result of an open flame device being applied to combustibles within the house;
>
>    b. Three separate and distinct fires occurred with the largest at a loveseat in the den along with two in the kitchen at a roll of paper towels on the counter and paper towels under the kitchen sink;
>
>    c. Three separate areas of origin and the elimination of all accidental causes at those areas would identify these fires as having human intervention in their origins.
>
>    d. Incendiarism is well established in the three separate and unconnected areas of origin.
>
>    e. Plaintiffs had opportunity to cause the fires as evidenced by the alarm system showing no entry into the home by any third party the evening prior to the fire; and
>
>    f. Plaintiffs had motive based on the homeowners' rapidly deteriorating financial condition, limited fixed incomes, exhaustion of CD's, annuities, savings account and other such vehicles for financial security including the last CD being cashed in within days of the fires and for possible insurance proceeds in the amount of 1.6 million dollars.

[49], Ex. 5 at p. 3-4.

Relying on this evidence, USAA contends that it had an arguable basis to deny Williams' claim and that her bad faith claim therefore must fail. As noted by USAA, "[w]hen an insurer seeks to avoid coverage on grounds that the insured committed civil arson, the insurer must prove each of the following elements by clear and convincing evidence: (1) an incendiary fire; (2) motive of the insured to destroy the property; (3) evidence that the insured had the opportunity to set the fire or to procure its being set by another." *Davis v. Allstate Ins. Co.*, 2017 WL 6389662, at *5 (S.D. Miss. Dec. 14, 2017) (quoting *McGory v. Allstate Ins. Co.*, 527 So.2d 632, 634 (Miss. 1988)) (internal quotation marks omitted). USAA contends that it has submitted sufficient evidence to support each of these elements and that it therefore had an arguable basis to deny the Plaintiffs' claim. Furthermore, USAA contends that the extensive efforts it took to investigate the claim illustrate that it did not commit a willful or malicious wrong or act with gross and reckless disregard for Williams' rights as an insured.

The Court finds that USAA has come forward with sufficient evidence to properly support its request for summary judgment. It has provided competent evidence to support its position that Williams cannot satisfy either of the necessary prongs to prevail on her bad faith claim. At this point Williams' failure to respond becomes fatal. "Once a summary judgment motion is made and properly supported, the nonmovant must go beyond pleadings and designate specific facts in the record showing that there is a genuine issue for trial. Neither conclusory allegations nor unsubstantiated assertions will satisfy the nonmovant's burden." *Weekly v. Tallahatchie Cnty., Miss.*, 2021 WL 4434224, at *2 (N.D. Miss. Sept. 27, 2021) (quoting *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996)); *see also Irvin v. Prentiss Cnty., Miss.*, 2020 WL 5571040, at *2 (N.D. Miss. Sept. 17, 2020) (citation omitted) ("If the defendants' motion is supported by

7

evidence, the plaintiff cannot discharge his burden by alleging mere legal conclusions; instead, he must present affirmative evidence in order to defeat a properly supported motion for summary judgment.").

USAA properly supported its Motion [49] with competent summary judgment evidence showing that it had an arguable basis to support its position and, further, that it did not commit a willful or malicious wrong. Williams did not come forward with evidence to rebut USAA's position. Consequently, summary judgment is appropriate and is therefore granted in USAA's favor on Williams' bad faith claim.

*Conclusion*

For the reasons set forth above, USAA's Motion for Partial Summary Judgment [49] is GRANTED. Williams' bad faith claim is hereby dismissed *with prejudice*.

SO ORDERED, this the 10th day of January, 2022.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE