IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

HALEY WILLIAMS                                                                                                      PLAINTIFF

v.                                                                      CIVIL ACTION NO. 1:20-CV-153-SA-DAS

USAA INSURANCE AGENCY, INC.
d/b/a USAA CAUSALTY INSURANCE AGENCY                  DEFENDANT

*Consolidated with*

KIMBERLY L. NEAL and
BECKEY L. NEAL                                                          PLAINTIFFS

v.                                                                      CIVIL ACTION NO. 1:20-CV-154-SA-DAS

USAA INSURANCE AGENCY, INC.
d/b/a USAA CAUSALTY INSURANCE AGENCY                  DEFENDANT

ORDER

On November 9, 2021, USAA filed a Motion [60] requesting that the Court exclude the opinions and testimony of A.K. Rosenhan, the Plaintiffs' designated expert. The Motion [60] has been fully briefed. Having reviewed the filings, along with the applicable authorities, the Court is prepared to rule.[1]

*Applicable Standard*

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony and provides as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

---

[1] The Court set forth in detail the facts and circumstances surrounding this case in its previous Order and Memorandum Opinion [##]. For the sake of brevity, the Court will not repeat that factual recitation here.

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702.

District courts possess wide latitude in the expert qualification process. *Geiger v. Monroe Cnty., Miss.*, 2020 WL 5255403, at *1 (N.D. Miss. Sept. 3, 2020) (quoting *Williams v. Manitowoc Cranes, LLC*, 898 F.3d 607, 625 (5th Cir. 2018)). "As long as there are sufficient indicia that an individual will provide a reliable opinion on a subject, a district court may qualify that individual as an expert." *Id.* (quoting *Williams*, 898 F.3d at 625).

Expert testimony must be both relevant and reliable. *Ferrara Land Mgmt. Miss., LLC v. Landmark American Ins. Co.*, 2021 WL 4819461, at *3 (S.D. Miss. July 19, 2021) (citing *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002)). "Expert testimony must be relevant, not simply in the sense that all testimony must be relevant, . . . but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue." *Ronaldo Designer Jewelry, Inc. v. Cox*, 2020 WL 1124599, at *1 (N.D. Miss. Mar. 6, 2020) (quoting *Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins. Co.*, 801 F.3d 512, 529 (5th Cir. 2015)). In addition, "a district court has a special obligation . . . to ensure that any and all scientific testimony is not only relevant, but reliable." *Geiger*, 2020 WL 5255403 at *2 (quoting *Bear Ranch, LLC v. Heartbrand Beef, Inc.*, 885 F.3d 794, 802 (5th Cir. 2018)). "To establish reliability under *Daubert*, an expert bears the burden of furnishing 'some objective, independent validation of his

methodology.'" *Brown v. Ill. Cent. R.R. Co.*, 705 F.3d 531, 536 (5th Cir. 2013) (quoting *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998)). This Court has previously explained its duty to assess reliability as follows:

> When considering reliability, *Daubert* provides that trial courts should consider (1) the extent to which a given technique can be tested; (2) whether the technique is subject to peer review and publication; (3) any known potential rate of error, the existence and maintenance of standards governing operation of the technique; and (4) whether the method has been generally accepted in the relevant scientific community. The *Daubert* factors are not mandatory or exclusive. Rather, the district court should consider whether the enumerated factors are appropriate, use them as a starting point, and then ascertain if other factors should be considered.

*Ronaldo*, 2020 WL 1124599 at *2 (quoting *Hathaway v. Bazany*, 507 F.3d 312, 318 (5th Cir. 2007); (citing *Black v. Food Lion, Inc.*, 171 F.3d 308, 311-12 (5th Cir. 1999)) (internal quotation marks and citations omitted)). The fact that testimony "may be assailable does not mean it is inadmissible under Rule 702. The trial court's role as gatekeeper . . . is not intended to serve as a replacement for the adversary system." *Id*. (quoting *U.S. v. Ebron*, 683 F.3d 105, 139 (5th Cir. 2012)).

*Analysis and Discussion*

As noted above, USAA seeks exclusion of the opinions and purported testimony of A.K. Rosenhan. The Plaintiffs designated Rosenhan as an expert who may be called at trial "in regard to his professional findings concerning the Plaintiffs' fire loss[.]" [60], Ex. 1 at p. 2. The Plaintiffs state that Rosenhan has been accepted in various state and federal courts as an expert "in the fields of cause and origin for residential fires." *Id*. In his Report, which is dated October 22, 2021, Rosenhan opines that "[b]ased on my evaluation of artifacts, the geometry and physical damage from the fire, and witness statements it is my opinion the fire initiated on or near a sofa in the 'great room' and was electrical in nature." [60], Ex. 2 at p. 1.

3

USAA contends that Rosenhan's opinion (that the fire that caused the most damage was electrical) does not satisfy the reliability requirement of Rule 702. In addition, USAA avers that Rosenhan's designation and report fall below the requisite threshold of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

At this juncture, the Court notes that its analysis does not pertain to Rosenhan's qualifications. USAA does not seek exclusion based on Rosenhan not being qualified, and this Court has no reason to question his credentials. Instead, the Court will focus on the above-referenced arguments USAA has raised.

As to the reliability requirement, USAA emphasizes many deficiencies with Rosenhan's methodology. Specifically, USAA states:

> Mr. Rosenhan based his opinion on a cursory review, which was described as an 'evaluation of artifacts, the geometry and physical damage of the fire,' and 'witness statements.' Yet, Mr. Rosenhan failed to list the witnesses who gave statements and did not provide anything substantive that he took from those statements. Further, Mr. Rosenhan, while mentioning with some specificity a few of the examined artifacts, he provided no details relating to what he observed through his examination. Further, he provided no details relating to the geometry and physical damage, all the while admitting that 'the premises were somewhat overhauled and cleaned' prior to his inspections. Finally, he dismissed the two kitchen fires from his analysis because they happened to self-extinguish before causing any large-scale damage. For this separate simple reason, Mr. Rosenhan cannot offer his opinion in this matter.

[61] at p. 6.

Turning to the language of Rule 702, the Court finds particularly pertinent subsection (c), which concerns whether the proposed testimony is the product of reliable principles and methods. Despite concluding that the fire was electrical, Rosenhan has provided no explanation as to how he reached that conclusion. In other words, he does not explain what principles and methods were applied. In his less than two-page Report, he did not explain what type of electrical device started

4

the fire, how any such device would have started the fire, or how any of the burn patterns assisted him in reaching that conclusion. While stating that he "reviewed artifacts of a laptop computer and power supply, a cell phone charger, and a thorough examination of furniture items[,]" he does not even state which of the electrical devices caused the fire or how such would have occurred. Additionally, he does not explain how any statements received in connection with the investigation assisted him in reaching his conclusion.

As argued by USAA, Rosenhan's opinion "leaves it to the jury to speculate as to the actual electrical device or component that purportedly caused the large fire in the den. The jury is left to guess where the electrical device or component was when the fire started and whether it was plugged in and something shorted out, or maybe it spontaneously combusted. This kind of opinion, which would force a jury to speculate, rightfully has been struck on multiple occasions." [66] at p. 3-4. The Court agrees with USAA's assertion. *See*, *e.g.*, *Previto v. Ryobi North America, Inc.*, 766 F. Supp. 2d 759, 766 (S.D. Miss. Dec. 16, 2020) (noting that where "there is simply too great an analytical gap between the data and the opinion proffered, the opinion is speculative and should be stricken" because it is "unhelpful to the trier of fact.") (citations and quotation marks omitted). Rosenhan sets forth a very general conclusion (that the fire was electrical in nature), but he does not even provide a potential device which may have caused the fire. Furthermore, he provides no real explanation as to how he reached his conclusion. Stated in different terms, Rosenhan has not explained the methodology or principles applied to reach his conclusion.

The Court finds instructive a 2012 decision of the Mississippi Court of Appeals in *Thompson v. Echostar Communications Corp.*, 89 So.3d 696 (Miss. Ct. App. 2012). In that case, the plaintiffs' home was destroyed by a fire which was allegedly caused by a defective satellite receiver which the defendant designed, manufactured, and sold. *Id*. at 697. The plaintiffs

designated Rosenhan as an expert, and he "hypothesized that the satellite receiver caused the fire, but he did not test his hypothesis using [the plaintiffs'] receiver or any similar receiver." *Id*. at 699. After the circuit court excluded Rosenhan's testimony, the plaintiff appealed to the Mississippi Court of Appeals. *Id*. The Mississippi Court of Appeals held:

> The circuit court determined that Rosenhan had failed to follow the accepted rules of fire investigation. The court also noted that Rosenhan had not tested Thompson's receiver or any similar receiver. Additionally, the court concluded that Rosenhan had failed to use objective standards in his investigation, and his opinion was not supported by sufficient facts and data. Accordingly, the court excluded Rosenhan's testimony.
>
> The circuit court did not abuse its discretion in excluding Rosenhan's testimony. Rosenhan provided no testimony that would have assisted the court or the ultimate trier of fact in deciding whether or not the satellite receiver cause the fire. In fact, Rosenhan admitted that he was unable to rule out alternative causes of the fire. Additionally, even though Rosenhan hypothesized that the fire began with Thompson's satellite receiver, he never tested the receiver or any similar receiver. Rosenhan's opinion was largely drawn from his conversations with [one of the plaintiffs] and was not based on scientific data.

*Id*.

This Court recognizes that the *Thompson* court applied the Mississippi Rules of Evidence as opposed to the Federal Rules of Evidence; however, this causes the Court no great worry seeing as how the Rules pertaining to experts are almost synonymous. *See* FED. R. EVID. 702, 703; MISS. R. EVID. 702; 703. As in *Thompson*, Rosenhan has not conducted any testing related to the subject fire in the case at hand. He provides an opinion that the fire was electrical in nature but does not explain what type of electrical device may have caused the fire nor does he state the manner in which any electrical devices may have started the fire. Essentially, he has provided only a conclusion with nothing to support it.

6

To be clear, the Court does not cite *Thompson* simply because it involved Rosenhan. Rather, the Court notes that Rosenhan followed a similar practice in this case—in particular, failing to conduct testing or provide any methodology or reasoning to support his conclusion.[2]

Ultimately, the district court's "aim is to exclude expert testimony based merely on 'subjective belief or unsupported speculation.'" *Douglas v. Chem Carriers Towing, LLC*, 431 F. Supp. 3d 830, 834 (E.D. La. Aug. 23, 2019) (quoting *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 590, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993)). And the Fifth Circuit has "long held that 'without more than credentials and a subjective opinion, an expert's testimony that "it is so" is not admissible.'" *Brown*, 705 F.3d at 537 (quoting *Hathaway v. Bazany*, 507 F.3d 312, 318 (5th Cir. 2007); *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 424 (5th Cir. 1987)). The Court finds that Rosenhan's Report and opinion run afoul of these well-established principles. Exclusion is appropriate. *See Guthrie v. Quitman Cnty. Hosp., LLC*, 2014 WL 8276558, at *1 (N.D. Miss. Oct. 28, 2014) (quoting *General Elec. Co. v. Joiner*, 522 U.S. 136, 146, 118 S. Ct. 512, 139 L. Ed. 2d 508 (1997)) ("The expert's opinions must be logically supported by the data and facts of the case and not just 'the *ipse dixit* of the expert.'").

In addition to the substantive inadequacies, the Court notes that the Plaintiffs' expert disclosure of Rosenhan and Rosenhan's Report do not comply with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B), which in pertinent part provides:

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report. . . The report must contain:

---

[2] In response to USAA's citation to several cases wherein Rosenhan's opinions have been excluded under *Daubert*, the Plaintiffs emphasize Rule 404(b) of the Federal Rules of Evidence and argue that it constitutes improper propensity evidence. The Plaintiffs, however, cite no cases wherein Rule 404(b) has been applied in this context. As noted above, the Court does not rely on *Thompson* as propensity evidence. Instead, the Court relies on *Thompson* due to the fact that the underlying practices Rosenhan employed in this case (or lack thereof) mirror those in *Thompson*.

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

FED. R. CIV. P. 26(a)(2)(B).

USAA contends that Rosenhan's "only opinion was expressed in a single clause in a single sentence" and he did not "elaborate on this opinion or explain his basis or reasons for his opinion." [61] at p. 7. In addition, USAA notes that Rosenhan did not list all other cases in which he has testified as an expert during the past four years nor did he provide any information relating to his compensation.

In response, the Plaintiffs concede that Rosenhan has not completed the required disclosures; however, they assert that they still have time to supplement under Rule 26(e). In pertinent part, Rule 26(e) states that supplementation to expert reports must be disclosed in accordance with the timeline for pretrial disclosures set forth in Rule 26(a)(3). *See* FED. R. CIV. P. 26(e). And Rule 26(a)(3) provides that "[u]nless the court orders otherwise, these disclosures must be made at least 30 days before trial." FED. R. CIV. P. 26(a)(3). Relying on this Rule, the Plaintiffs assert that they have until 30 days before trial (December 27, 2021 by their calculation) to supplement the Report.

The Plaintiffs' contentions are inaccurate. Rule 26(a)(5) of the Local Uniform Civil Rules provides that "[a] party is under a duty to supplement disclosures at appropriate intervals under F. R. Civ. P. 26(e) *and in no event later than the discovery deadline established by the case management order*." L. U. CIV. R. 26(a)(5) (emphasis added).

8

The Court's Case Management Order [28] initially set the expert designation deadlines as June 11, 2021 (Plaintiffs) and July 9, 2021 (Defendant), with a discovery deadline of September 10, 2021. At the Plaintiffs' request, the Magistrate Judge extended their deadline to November 4, 2021 to designate Rosenhan as an expert. *See* [59]. However, despite being granted additional time to designate Rosenhan, the Plaintiffs still failed to include the necessary information as Rule 26(a)(2)(B) requires.

The Plaintiffs have not complied with the applicable deadlines, and the trial of this matter is set for February 7, 2022—only a few weeks away. This Court has previously held that "[g]enerally, when a party fails to designate its expert as directed by the Federal Rules of Civil Procedure and the Uniform Local Rules, the expert is prohibited from testifying at trial." *Bryan v. Mack Trucks, Inc.*, 2010 WL 1568607, at *5 n. 3 (N.D. Miss. Apr. 19, 2010) (quoting *Great West Cas. Co. v. U.S.*, 2006 WL 1778911, at *4 (N.D. Miss. June 26, 2006)).

In addition to the inadequacies noted above in connection with the substance of Rosenhan's Report, the failure to comply with the applicable deadlines constitutes another basis for exclusion.[3]

*Conclusion*

For the reasons set forth above, USAA's Motion [60] is GRANTED. Rosenhan will not be permitted to testify as an expert at the trial of this cause.

SO ORDERED, this the 12th day of January, 2022.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

---

[3] The Court further notes that, despite arguing in their Response Memorandum [65] that they had until December 27, 2021 to supplement the expert disclosure and Report, the Plaintiffs have provided the Court with nothing to show that they actually did so.