IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

HALEY WILLIAMS                                                                                        PLAINTIFF

v.                                      CIVIL ACTION NO. 1:20-CV-153-SA-DAS

USAA INSURANCE AGENCY, INC.
d/b/a USAA CAUSALTY INSURANCE AGENCY                           DEFENDANT

*Consolidated with*

KIMBERLY L. NEAL and
BECKEY L. NEAL                                                            PLAINTIFFS

v.                                      CIVIL ACTION NO. 1:20-CV-154-SA-DAS

USAA INSURANCE AGENCY, INC.
d/b/a USAA CAUSALTY INSURANCE AGENCY                           DEFENDANT

ORDER

Now before the Court are USAA's Motion *in Limine* [68] and the Plaintiffs' Amended Motion *in Limine* [73]. The Motions [68, 73] are ripe for review. Having reviewed the filings and the applicable authorities, the Court is prepared to rule.[1]

*Applicable Standard*

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *King v. Cole's Poultry, LLC*, 2017 WL 532284, at *1 (N.D. Miss. Feb. 9, 2017) (quoting *Harkness v. Bauhaus U.S.A., Inc.*, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015) (additional citations omitted)). "Evidence should not be excluded *in limine* unless it is clearly inadmissible on all potential grounds." *Harkness*, 2015 WL

---

[1] The Court notes that, prior to filing their Amended Motion *in Limine* [73], the Plaintiffs filed their original Motion *in Limine* [72]. The Amended Motion [73] supersedes the original Motion [72], and the original Motion [72] is therefore DENIED AS MOOT at the outset.

631512 at *1 (quoting *Fair v. Allen*, 2011 WL 830291, at *1 (W.D. La. Mar. 3, 2011)). To that end, "[e]videntiary rulings 'should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context.'" *King*, 2017 WL 532284 at *1 (quoting *Rivera v. Salazar*, 2008 WL 2966006, at *1 (S.D. Tex. July 30, 2008)) (additional citations omitted). "Motions *in limine* should be narrowly tailored to address issues which will likely arise at trial and which require a pre-trial ruling due to their complexity and/or the possibility of prejudice if raised in a contemporaneous objection." *Id*. (quoting *Estate of Wilson v. Mariner Health Care, Inc.*, 2008 WL 5255819, at *1 (N.D. Miss. Dec. 16, 2008)).

*Analysis and Discussion*

As previously noted, both parties have filed Motions *in Limine* [68, 73] with each Motion including multiple requests for exclusion. The Court will address the requests in turn.

*USAA's Motion in Limine [68]*

While USAA timely filed its Motion *in Limine* [68] on December 29, 2021, the Plaintiffs failed to timely respond and did not request an extension of time to do so. The Court sees no need to further delay ruling on the Motion [68]. The Court does note, however, that "[i]f a party fails to respond to any motion, other than a dispositive motion, within the time allotted, the court *may* grant the motion as unopposed." L. U. Civ. R. 7(b)(3)(E) (emphasis added).

USAA first requests that the Court prohibit the Plaintiffs from introducing evidence "that neither Plaintiff was criminally prosecuted for arson as a result of the fire occurring on October 1, 2019, and which is the subject of this lawsuit." [68] at p. 2. To support this argument, USAA directs the Court to the Fifth Circuit's decision in *Munoz v. State Farm Lloyds of Texas*, 522 F.3d 568 (5th Cir. 2008).

2

*Munoz* involved the recovery of funds under a fire insurance policy after the plaintiffs' home burned. *Id*. at 570. While the parties did not dispute that the fire was intentionally started, the plaintiffs took the position that their neighbors started the fire while the insurer took the position that one of the plaintiffs (Mr. Munoz) was responsible. *Id*. at 571. Over the insurer's objection, the district court admitted evidence of a grand jury's decision not to indict Mr. Munoz. *Id*. at 572. On appeal, the Fifth Circuit reversed:

> Several of our sister circuits have considered the issue of introducing evidence of non-prosecution or acquittal of arson in a civil case regarding insurance proceeds They have uniformly held that such evidence is impermissible because it is highly prejudicial. As the Fourth Circuit stated: "We adopt and apply here the rule that a federal trial court commits reversible error when it permits the plaintiff in a suit for fire insurance proceeds to present evidence of his nonprosecution or acquittal on related criminal arson charges." *Rabon v. Great Sw. Fire Ins. Co.*, 818 F.2d 306, 309 (4th Cir. 1987); *see also Kelly's Auto Parts, No. 1, Inc. v. Boughton*, 809 F.2d 1247, 1253 (6th Cir. 1987); *Am. Home Assurance Co. v. Sunshine Supermarket, Inc.*, 753 F.2d 321, 325 (3rd Cir. 1985); *Galbraith v. Hartford Fire Ins. Co.*, 464 F.2d 225, 227-28 (3rd Cir. 1972). The Sixth Circuit found that "[j[ury instructions are inadequate . . . to cure the inherent prejudice involved" in improperly admitted evidence of non-prosecution for arson." *Kelly's Auto Parts*, 809 F.2d at 1254. These holdings rely upon the fact that "such evidence goes directly to the principal issue before the jury and is highly prejudicial." *Rabon*, 818 F.2d at 309. Furthermore, "[t]he inadmissibility of evidence of non-prosecution . . . comports with the general rule that evidence of an acquittal in a criminal arson case is inadmissible in a civil arson case." *Am. Home Assurance Co.*, 753 F.2d at 325. We agree with our sister circuits and find that the court below committed reversible error.

*Id*. at 572-73.

The District Court for the Western District of Louisiana recently applied *Munoz* in a case involving a similar situation, recognizing that "the Fifth Circuit has held that an acquittal for arson is inadmissible in a subsequent civil trial concerning the application of the arson exclusion in a fire

3

insurance contract." *Hassan v. City of Shreveport*, 2018 WL 3028951, at *7 (W.D. La. June 18, 2018) (citing *Munoz*, 522 F.3d at 572-73).

Recognizing these authorities and the highly prejudicial nature of this type of evidence, in addition to the fact that the Plaintiffs have provided no contrary arguments or authorities, the Court will exclude the evidence. That portion of USAA's Motion [68] is GRANTED. The Plaintiffs are hereby prohibited from referencing, eliciting testimony, or otherwise alluding to the fact that they were not prosecuted for arson.

Next, USAA requests that the Court prohibit any of the Plaintiffs' witnesses from "offering expert opinion testimony concerning cause and origin of the fire, as any such testimony must be based on scientific, technical or other specialized knowledge and is not within the permissible scope of lay witness opinion testimony." [68] at p. 3-4. USAA also requests that the Court "exclude any evidence not previously disclosed by Plaintiffs." *Id*. at p. 4.

This Court has time and again emphasized that "the purpose of motions *in limine* is not to reiterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify *specific* issues which are likely to arise at trial, and which due to their complexity or potentially prejudicial nature, are best addressed in the context of a motion *in limine*." *See*, *e.g.*, *King*, 2017 WL 532284 at *1 (quoting *Maggette v. BL Development Corp.*, 2011 WL 2134578, at *4 (N.D. Miss. May 21, 2011)) (emphasis in original) (additional citation omitted). Both of USAA's requests run afoul of this principle. For example, USAA has not identified *specific* testimony which is likely to arise at trial concerning the cause and origin of the fire. Likewise, USAA does not point to any *specific* evidence not disclosed in discovery that it believes the Plaintiffs will attempt to introduce. In the Court's view, these requests simply ask the Court to reiterate well-settled rules. Although the Court will certainly apply the Rules of Civil

4

Procedure and the Rules of Evidence at trial, to the extent USAA's Motion [68] seeks an *in limine* order on these issues, it is DENIED.

*Plaintiffs' Amended Motion in Limine [73]*

The Plaintiffs' Amended Motion [73] includes five separate requests for exclusion *in limine*. The Court will address the arguments separately.

First, the Plaintiffs seek exclusion of "any mention or discussion of prior fires by any of the Plaintiffs herein[.]" [73] at p. 2. As to this issue, the Plaintiffs assert:

> There have been statements made in this case that the Plaintiffs have had numerous fires, when, in fact, the only reported fire loss by any of the Plaintiffs occurred to their candle factory more than eleven (11) years ago, and that is the only fire loss reported to insurance. A single fire that occurred this many years in the past has no relevance whatsoever to this proceeding and would only tend to inflame the jury against the Plaintiffs. There were no criminal charges and there was never an investigation that determined any fault on the part of the Plaintiffs.

[73] at p. 3.

USAA opposes this request. As an initial argument in opposition, USAA asserts that the Plaintiffs have made a misrepresentation to the Court regarding the lack of prior fires. Specifically, USAA asserts that there were at least five prior fires at properties the Plaintiffs owned and that the Plaintiffs have made at least two previous insurance claims for fire damage. USAA contends that the Plaintiffs' misrepresentations are so egregious that the Court should deny the request for exclusion based on that fact alone.

At this point, the Court is unable to adequately assess the admissibility of the potential evidence as the parties' disagreement renders it unable to even determine the *specific* evidence which may be presented. The Court will not exclude evidence of this nature *in limine* but will

instead take up the matter at trial. The request is DENIED. However, the parties should raise the issue to the Court prior to discussing or referencing the prior fires in front of the jury.

Next, the Plaintiffs request exclusion of any reference to "a volunteer fireman having a reason to set a second fire in the kitchen because of his prejudice toward the Plaintiffs." [73] at p. 2. On this issue, the Plaintiffs note that Kimberly Neal made a "passing comment" that "she had no idea why there was a second fire in the kitchen unless a volunteer fireman who had a dislike for her and her family had done it." *Id*. at p. 3. The Plaintiffs contend that any reference to this passing comment should not be allowed because it has no probative value and "would only inflame the jury against [them][.]" *Id*.

USAA contends that Kimberly Neal's theory that one of the firemen harbored animus towards her and her family was much more than a passing comment. Instead, USAA avers that she communicated this theory to a USAA employee in an effort to convince USAA that the kitchen fire was started in this fashion. USAA attached to its Response [79] copies of messages that Neal sent its employee on this point. USAA contends that this evidence is extremely relevant because the manner in which the fire was started is a critical issue in this case.

The Court finds that there is no basis to exclude this evidence *in limine*. If the Plaintiffs attempted to pursue a theory that fire personnel started the fire, evidence on that issue certainly seems, at least in the abstract, to have some relevance. While the Plaintiffs argue that such evidence may also prejudice them, the Court cannot, at this time, find that the evidence is clearly inadmissible on all potential grounds. *See Harkness*, 2015 WL 631512 at *1. The request is DENIED.

Next, the Plaintiffs request that the Court exclude any discussion or mention of their financial status prior to the subject fire. The Plaintiffs' *entire* argument set forth in their Motion [73] on this point is as follows:

> The financial status of the Plaintiffs is and has been discoverable and there was no evidence that the Plaintiffs were in dire need of money or that they were approaching foreclosure or any other financial status which should have or could have influenced their participation in the present fire. There has been no evidence of any arson in the fire, therefore, no discussion of their financial status should be allowed.

[73] at p. 3-4.

USAA counters that the Plaintiffs' financial status is relevant as to motive. In the Court's view, the Plaintiffs' financial status has at least some relevance as to whether they had a motive to intentionally burn their home. The evidence is not clearly inadmissible on all potential grounds. *Harkness*, 2015 WL 631512 at *1. The request is DENIED. The Court will take up the issue when it arises at trial so that "questions of foundation, relevancy and potential prejudice can be resolved in proper context.'" *King*, 2017 WL 532284 at *1.

In the Plaintiffs' fourth request, they contend that USAA should be precluded from seeking to introduce evidence not previously disclosed in discovery. This request mirrors one of USAA's requests addressed above and is DENIED for the same reason—specifically, that it is not the proper basis for a motion *in limine*. *See*, *e.g.*, *King*, 2017 WL 532284 at *1.

The Plaintiffs' final request concerns the fact that Kimberly Neal and Beckey Neal withdrew their punitive damages claim against USAA. They assert that "[a]ny mention of said withdrawal might be taken by the jury in a manner detrimental to the claim of Haley Williams for the Defendant's refusal to pay her claim and her claim for punitive damages." [73] at p. 4. On January 10, 2022—six days after the Plaintiffs filed this Motion [73]—the Court granted summary

7

judgment in USAA's favor on Haley Williams' punitive damages claim. *See* [77]. Therefore, the request seems, at least to some extent, to be moot. However, USAA agrees that it will not seek to introduce evidence on this point. To the extent that the request is not moot, it is hereby GRANTED.

*Conclusion*

For the reasons set forth above, USAA's Motion *in Limine* [68] is GRANTED IN PART and DENIED IN PART. The Plaintiffs' Amended Motion *in Limine* [73] is GRANTED IN PART and DENIED IN PART.

SO ORDERED, this the 1st day of March, 2022.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE